IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-02263-REB-KLM

MELANIE KINATEDER

    Plaintiff,

vs.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY OF WISCONSIN, a Wisconsin Corporation.

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion To Remand for Failure To Comply with 28 U.S.C. § 1446** [#21] filed November 12, 2008. I grant the motion, but deny Plaintiff's request for attorney fees.

### I. JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction. In order to properly effectuate removal, "[a] defendant or defendants . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil

Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after service of the initial pleading. *Id.* § 1446(b). **See also Murphy Brothers v. Michetti Pipe Stringing, Inc.**, 526 U.S. 344, 356, 119 S.Ct. 1322, 1329-30, 143 L.Ed.2d 448 (1999) (holding that deadline for removal does not begin to run until party is formally served with process). A defendant who does not act within this deadline waives its right to remove the action to federal court. **See Huffman v. Saul Holdings Limited Partnership**, 194 F.3d 1072, 1077 (10th Cir. 1999).

### III. ANALYSIS

Plaintiff initiated this lawsuit against defendant in Colorado state court. Defendant originally removed the case to the federal district court on November 11, 2007, on the basis of diversity of citizenship. Judge Krieger granted plaintiff's motion to remand, finding that the assertions of the civil cover sheet, on which defendant relied to establish the jurisdictional minimum amount in controversy, were insufficient, standing alone, to establish federal subject matter jurisdiction. **See Kinateder v. American Family Mutual Life Insurance Co. of Wisconsin**, 2008 WL 525909 at *2 (D. Colo. Feb. 26, 2008) (citing **Baker v. Sears Holding Corp.**, 2007 WL 2908434 (D. Colo. Oct. 3, 2007)).

The case was remanded, but on October 16, 2008, defendant filed the instant notice of removal, alleging that it now was apparent from plaintiff's answers to discovery that the amount in controversy exceeded $75,000. Plaintiff again has moved to

2

remand, arguing that defendant's removal was untimely and that defendant failed to file all of the documents required by the section 1446(a) in any event. Because I find the latter issue dispositive, I do not address the former.

Defendant does not deny that it failed to file a copy of one of the state court's orders, but argues that this lapse is a mere procedural error that does not render its removal notice defective. I have previously found otherwise. **See Smith v. Time Insurance Co.**, 2008 WL 4452147 at *2 (D. Colo. Sept. 30, 2008) (Blackburn, J.) (citing **Durand v. The Hartford Life & Accident Insurance Co.**, 2007 WL 1395336 at *1 (D. Colo. May 9, 2007) (Krieger, J.)). I continue to adhere to my view that section 1446(a) must be strictly construed:

> Justice is best served when the law operates predictably and reliably. Engaging in somewhat arbitrary exercises of "discretion" to avoid what might seem to be the inflexible operation of a persnickety rule undermines that predictability, and, more importantly, operates as an artificial relief valve that prevents sufficient pressure from building in opposition to the rule to force its rethinking. If the Court should not apply the text of § 1446(a) strictly as written, that command should come from the Supreme Court or the 10th Circuit, not from the fact that other District Courts have chosen not to do so.
>
> . . . . The language of the statue plainly requires that all process be included with the notice of removal. All means all, not almost.

**Id.** (quoting **Durand**, 2007 WL 1395336 at *1). Defendant's notice of remova,l therefore, is defective. Nor was the defect cured by defendant's belated amendment of the removal notice. As in **Smith** and **Durand**, defendant's attempt to supplement, made

3

well past the expiration of the 30-day removal deadline, is ineffective to confer federal subject matter jurisdiction. For these reasons, remand is required.

Plaintiff has requested attorney fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). In determining whether to exercise my broad discretion to make such an award, the central focus is on the propriety of removal. *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied*, 114 S.Ct. 1832 (1994). I do not find this to be a case in which an exercise of my discretion to award attorney's fees for improvident removal is warranted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion to Remand for Failure To Comply with 28 U.S.C. § 1446** [#21] filed November 12, 2008, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** insofar as plaintiff requests that this case be remanded to the state court;

3. That this case be **REMANDED** to the District Court of Boulder County, Boulder, Colorado (where it was filed initially as Case No. 2007CV1035, Division 2); and

4. That the motion is **DENIED** otherwise.

Dated March 4, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge